IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCO C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 00765 |
| v. | ) |
| | ) Magistrate Judge Laura K. McNally |
| Carolyn Colvin, Commissioner of | ) |
| Social Security,[2] | ) |
| Defendant. | ) |
| | ) |

**ORDER**[3]

Before the Court is Plaintiff Marco C.'s brief in support of his motion to remand the Administrative Law Judge's ("ALJ") decision denying his disability benefits application (D.E. 12: Pl. Brief in Support of Mot. to Remand, "Pl. Brief"), and Defendant's memorandum in support of his motion for summary judgment (D.E. 16: Def. Mem. in Support of Mot. for Summ. J.).

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court.
[2] The Court substitutes Carolyn Colvin for her predecessor, Michelle King, as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).
[3] On February 23, 2022, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (D.E. 9.)

I. **Procedural History**

Plaintiff applied for disability insurance benefits on August 12, 2019, alleging disability beginning July 29, 2019. (R. 221.) Plaintiff's date last insured is June 30, 2027. The ALJ held an in-person hearing on May 11, 2021. On September 30, 2021, the ALJ issued a written decision denying Plaintiff's application, finding him not disabled under the Social Security Act.[4] This appeal followed. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

II. **The ALJ Decision**

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims, described below. At Step One, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (R. 82.) At Step Two, the ALJ determined that Plaintiff suffers from severe impairments of hearing loss in the left ear, hypertension, and hypotension, all of which significantly limit Plaintiff's ability to perform basic work-related activities for 12 consecutive months. (*Id.*) The ALJ also found that Plaintiff had medically determinable impairments of bilateral tinnitus, shingles, asthma, rhinitis, gastritis/diarrhea, and lumbar degenerative disc disease. These caused no more than minimal functional limitations and therefore were nonsevere.

---

[4] The Appeals Council subsequently denied review of the opinion (R. 1), making the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023).

As to Plaintiff's asserted mental impairments of bipolar disorder, depression, and anxiety, the ALJ evaluated impacts using the four criteria for mental impairments under the Social Security Act regulations: 1) ability to understand, remember, or apply information; 2) ability to interact with others; 3) ability to concentrate, persist, or maintain pace; and 4) ability to adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ found that Plaintiff had no notable limitations in any of these four functional areas. Because Plaintiff's mental impairments caused no more than "mild" limitation in Plaintiff's ability to do basic work activities, they were nonsevere. (R. 83.)

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal a statutory Listing. (R. 84.) Before Step Four, the ALJ assessed a residual functional capacity for Plaintiff to perform less than the full range of light work such that he "can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds," and "can push and pull as much as he can lift and carry." (*Id*.) Plaintiff can "occasionally climb ramps, stairs, ladders, ropes, and scaffolds" and "can frequently balance" but "cannot work at unprotected heights, operate moving mechanical parts, or operate a commercial vehicle." (*Id*.) Plaintiff cannot work in environments with humidity, wetness, or extreme heat but can occasionally work in environments with dust and odors but not fumes or other pulmonary irritants. (*Id*.) Plaintiff can work in environments with moderate noise and can hear and understand simple oral instructions. (*Id*.)

3

At Step Four, the ALJ found Plaintiff can perform his past relevant work as a Quality Control Inspector and Mail Clerk. (R. 88.) Because the ALJ found that Plaintiff's past relevant work did not require the performance of work-related activities precluded by his residual functional capacity, Plaintiff's inquiry ended and the ALJ determined that Plaintiff was not disabled. (*Id.*)

III.    **Legal Standard**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions, known as "steps," in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either Step Three or Step Five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step other than at Step Three precludes a finding of

4

disability. *Id.* The plaintiff bears the burden of proof at Steps One to Four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work that exists in significant numbers in the national economy. *Id.*

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit has further clarified that

5

district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted). If an ALJ gives specific reasons supported by the record, the Court "will not overturn a credibility determination unless it is patently wrong." *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021).

IV.    **Analysis**

Plaintiff makes two arguments in favor of remand: 1) the ALJ erred when he failed to adequately account for Plaintiff's mental impairments, including his limitation in concentration, (Pl. Brief 8-12), and 2) the ALJ erred when he failed to properly consider the combined effect of Plaintiff's symptoms of anxiety, depression, dizziness, and hearing loss. (Pl. Brief 12-14.) Plaintiff contends that the ALJ ignored or undervalued record evidence about these issues, resulting in an inaccurate residual functional capacity determination. As explained below, the Court finds that the ALJ supported his decision with substantial evidence, and Plaintiff's assignments of error do not warrant remand.

A. **The ALJ Did Not Err in Concluding that Plaintiff's Mental Impairments Did Not Cause any Work-Related Impairments.**

As Plaintiff acknowledges, the ALJ "found that [Plaintiff] had no limitations in any of the broad functional areas of mental functioning set out in the disability regulations." (Pl. Brief 8.) Plaintiff argues that "the ALJ did not properly assess the intensity and limiting effects of [Plaintiff's] symptoms," (Pl. Brief 9.), specifically poor concentration[5] and bipolar disorder. (Pl. Brief 10.) Having reviewed the record and the ALJ's opinion, the Court cannot agree with that critique.

In determining that Plaintiff's mental impairments did not cause any functional limitations, the ALJ first identified that "the records contain limited objective findings" that Plaintiff had mental health impairments at all. (R. 83.) The ALJ pointed to evidence from a January 2020 examination of Plaintiff's "full orientation, normal affect, and no signs of depression or anxiety." (*Id*.) He also listed records from December 2020, February 2021, March 2021, and April 2021 that indicated Plaintiff either lacked mental health symptoms or improved. (*Id*.)

The ALJ also noted that Plaintiff "has not been on medication during the period at issue" and has self-reported that he "has no problems with personal care, follows written and spoken instructions 'good,' he gets along with authority figures 'good,' he

---

[5] Plaintiff's argument that the ALJ ignored evidence of concentration difficulties is framed in terms of the ALJ's Paragraph B analysis; that is, Plaintiff seems to be arguing that his concentration difficulties stem from his mental health impairments.

7

has never been fired from a job because of difficulties getting along with people, and he handles stress and changes in a routine 'good.'" (R. 83.)

### i. The ALJ Did Not Err in His Consideration of Plaintiff's Poor Concentration.

Plaintiff points to two pieces of record evidence regarding Plaintiff's poor concentration that he claims the ALJ did not adequately consider: (1) an examination note by Zaia Lachin, M.D., during the January 2020 state agency consultative examination, and (2) a screening questionnaire in which Plaintiff described concentration difficulties. (Pl. Brief 10.)

Plaintiff first points to an entry in Dr. Lachlin's January 2020 consultative examination report. In a list of "Impressions," Dr. Lachlin recorded "suffers from poor concentration." Plaintiff asserts that the ALJ erred in not crediting that "impression." The ALJ addressed this notation in the file, stating that he did not give weight to that statement because "the impressions of poor concentration and blurry vision are outside the doctor's field of expertise and are unsupported by the rest of the record." (R. 86.) The ALJ further discounted the doctor's notation of that "impression" because it was based only on Plaintiff's subjective symptoms rather than on the doctor's examination – an examination that contradicted the self-reported symptoms. The ALJ noted that the doctor's examination "revealed normal findings of full orientation" and "alert and normal behavior." (R. 85.) By providing these explanations, the ALJ gave specific

8

reasons supported by the record for his weight of Dr. Lachin's report and adequately substantiated his finding of no limitation for poor concentration.

Plaintiff also cites his "screenings for depression and generalized anxiety disorder," in which he "indicated that he suffers from 'trouble concentrating,'" as evidence of his concentration difficulties. (Pl. Brief 10.) The ALJ did not reference the screenings explicitly in his opinion but accounted for them in his overall review. While the ALJ certainly could have discussed these reports, his failure to do so in specific detail does not warrant remand.

Under Seventh Circuit precedent, "although the ALJ may not ignore 'an entire line of evidence that supports a finding of disability,' the ALJ is "not required to mention every piece of evidence," *See, e.g., Combs v. Kijakazi*, 69 F.4th 428 (7th Cir. 2023). Here, the ALJ analyzed Plaintiff's subjective complaints of poor concentration when evaluating the relative weight to give to the opinion of Dr. Lachlin. Even though the ALJ did not specifically cite to the screening questionnaires, he did not ignore Plaintiff's subjective reports regarding concentration.

The ALJ also evaluated Plaintiff's reports of subjective symptoms when examining Plaintiff's treatment history. The ALJ reported that "the records show only conservative treatment for these impairments and/or complaints that do not last for any significant duration." (R. 83.) Putting all the evidence together, the ALJ concluded that the record did not support Plaintiff's allegations regarding symptom severity. (R. 82-

9

84.) The Court does not find the ALJ's determination, based on this analysis, patently wrong. *See Deborah*, 994 F.3d at 789.

### ii. The ALJ Did Not Err in His Consideration of Plaintiff's Diagnosis of Bipolar Disorder.

Plaintiff argues that "someone with bipolar" may be "incapable of sustaining work," and that "limitations such as punctuality, completing a normal workday and workweek and performing activities within a schedule would be the type of limitations that would be implicated by [Plaintiff's] condition." (Pl. Brief 11.) The Court finds that Plaintiff provides no elaboration of how the bipolar disorder diagnosis impacts him, and the ALJ did not fail to account for any relevant evidence.

A diagnosis, alone, is insufficient to establish disability. *Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (anxiety/panic disorder diagnosis not disabling); *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) (symptoms not disabling despite diagnosis); *see also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (condition can exist but need whether was debilitating). It is "up to the plaintiff to prove she is disabled by providing evidence beyond a list of diagnoses." *Heather*, 384 F. Supp. 3d at 937; s*ee Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004); 20 C.F.R. § 404.1512(c). This is in part because "psychological impairments might be disabling or they might not." *Heather*, 384 F. Supp. 3d at 937; *Truelove v. Berryhill*, 753 Fed. Appx. 393 (7th Cir. 2018); *Kelham v. Berryhill*, 751 Fed. Appx. 919 (7th

Cir. 2018) ("bipolar disorder, anxiety, and borderline intellectual functioning" not disabling) As the Seventh Circuit put it, "judges are not required to play 'archaeologist with the record.'" *Heather*, 384 F. Supp. 3d at 937; *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir.1999); *see also Sommerfield v. City of Chicago*, 863 F.3d 645 (7th Cir. 2017).

In his argument, Plaintiff points to the "type" of limitations that "would" be implicated by Plaintiff's condition theoretically, but he identifies no limitation that applies to his own life. Similarly, he says that "someone with bipolar may be" incapable of sustaining work, but he does not speak of his own experience (Pl. Brief 11). While Plaintiff suggests that he has struggled to maintain a job (Pl. Brief 12), he does not specifically connect his bipolar disorder to those struggles. Thus, although Plaintiff describes potential impacts of the bipolar diagnosis, his generalized statements fail to establish causation between his diagnosis and his inability to sustain employment.

The ALJ addressed Plaintiff's bipolar diagnosis when he concluded, based on the entire record, that "the claimant's medically determinable mental impairments of bipolar disorder, depression and anxiety do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (R. 83.) The ALJ sufficiently considered the bipolar diagnosis in his analysis, and, after finding that its impacts were minimal, accounted for it in his overall exertional limitations. The Court does not find error in this conclusion.

B. **The ALJ Properly Addressed the Combined Effects of Plaintiff's Symptoms.**

Plaintiff argues that the ALJ "ignores the combined effects of [Plaintiff]]'s anxiety, depression, symptoms of dizziness, and hearing loss." (Pl. Brief 12.) After reviewing the record below, the Court disagrees, concluding that the ALJ sufficiently addressed the cumulative impact of Plaintiff's conditions.

Plaintiff correctly notes that "an ALJ must account for the combined effects of the claimant's impairments, including those that are not themselves severe enough to support a disability claim. *See Spicher v. Berryhill*, 898 F.3d 754 (7th Cir. 2018)." (Pl. Brief 12.) It is the Plaintiff's burden, however, to offer some medically determinable articulation of what these combined effects are. *See Diane E. v. Kijakazi*, No. 21 C 197, 2023 WL 2612722, at *4–5 (N.D. Ill. Mar. 23, 2023) (finding that a medical opinion of the combined effects of symptoms is required for effects to be considered); *see also Lafayette v. Berryhill*, 743 Fed. Appx. 697 (7th Cir. 2018) (ALJ did not fail to account for combined impact when he found all limitations minimal and addressed severe ones); *Getch v. Astrue*, 539 F.3d 473 (7th Cir. 2008) (ALJ did not fail to account for combined impact when ALJ stated he considered all symptoms together with objective medical evidence); *Fox v. Heckler*, 776 F.2d 738 (7th Cir. 1985) (absence of noted combined effects in medical opinion suggest none exist). Plaintiff offers no evidence for combined effects. He also does not identify what combined effects were left out of this analysis, nor how they should have altered the ALJ's findings.

The ALJ analyzed the record and sufficiently supported his findings about Plaintiff's anxiety, depression, dizziness, and hearing loss. Plaintiff's argument amounts a request to reweigh the evidence. This Court will not reweigh the evidence nor substitute its judgement for the ALJ's determination. *See Reynolds*, 25 F.4th at 473. Accordingly, Plaintiff's assignments of error do not meet the stringent test required to remand.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's memorandum seeking to reverse and remand the ALJ's decision (D.E. 12) and grants that of Defendant seeking to affirm (D.E. 16).

**SO ORDERED.**

                **ENTER:**

                *[signature: Laura K. McNally]*

                **LAURA K. MCNALLY**

                **United States Magistrate Judge**

**DATED: January 22, 2025**